IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

| UNITED STATES OF AMERICA, | ) | COA NO.: 13-70013 |
|---|---|---|
| Respondent-Appellee, | ) | UNOPPOSED MOTION FOR LEAVE TO FILE COA APPLICATION AND SUPPORTING BRIEF IN EXCESS OF OTHERWISE APPLICABLE WORD LIMIT |
| vs. | ) | |
| BRANDON BERNARD, | ) | |
| Movant-Appellant. | ) | |

Appellant Brandon Bernard is a federal prisoner under sentence of death who was recently denied post-conviction relief under 28 U.S.C. § 2255. Seeking leave to appeal that judgment, Mr. Bernard is currently finalizing an Application for Certificate of Appealability and supporting brief, which is due to be filed July 17, 2013. Pursuant to Fed. R. App. Pro. 32 and 5th Circuit Local Rule 32.4, he moves for leave to file his Application and Brief in excess of the 14,000-word limitation set forth in Federal Rule 32(a)(7)(B). A draft of Mr. Bernard's proposed brief is attached as Exhibit 1.

An extra-length brief is necessary because of the complexity of the issues in Mr. Bernard's case. For example, Mr. Bernard's ineffective assistance of counsel (IAC) claims include allegations that trial counsel both failed to investigate and present readily available mitigating evidence, and failed to rebut the Government's case in aggravation – including challenges to the

UNOPPOSED MOTION TO FILE OVER LENGTH
COA APPLICATION                - 1 -
*United States v. Brandon Bernard*; COA NO.: 13-70013

**ROBERT C. OWEN**
**CAPITAL PUNISHMENT CENTER**
**727 EAST DEAN KEETON ST.**
**AUSTIN, TX 78705**
**(512) 232-9391**

Government's forensic evidence and expert testimony. To show that reasonable jurists could debate whether counsel's performance fell below prevailing professional norms, it is necessary for Mr. Bernard to describe with particularity how those norms apply in the specific circumstances of Mr. Bernard's case – a matter as to which Mr. Bernard presented extensive expert evidence in the court below, but which the district court did not address at all in its order denying relief.

Demonstrating why reasonable jurists could find "prejudice" (as defined in *Strickland v. Washington*, 466 U.S. 668 (1984)) from trial counsel's deficient performance necessarily also requires a detailed description of both the evidence presented at trial and the evidence readily available to trial counsel, which they unaccountably failed to develop or present.

For the same reason, Mr. Bernard's claims under *Brady v. Maryland*, 373 U.S. 83 (1963), which challenge, *inter alia*, the Government's failure to disclose extensive impeaching information about key prosecution witness Terry Brown, necessarily requires a discussion of Brown's testimony (and his importance to the Government's case) as well as the nature and extent of the impeaching information the Government failed to disclose, and how it came to possess it. Moreover, despite the fact that the district court – erroneously, in our view – denied discovery and an evidentiary hearing, the documentary record of the §2255 proceedings below is lengthy, as Mr. Bernard submitted hundreds of pages of documents and affidavits in support of his claims for relief.

Counsel have devoted their best efforts to condensing their presentation of Mr. Bernard's arguments, consistent with their professional responsibility to zealously defend a client whose life is at stake. Despite these efforts, it is not possible to adequately address the issues of this appeal using only 14,000 words.

**ROBERT C. OWEN
CAPITAL PUNISHMENT CENTER
727 EAST DEAN KEETON ST.
AUSTIN, TX 78705
(512) 232-9391**

Appellant therefore respectfully requests leave to file a Brief in Support of his COA application that does not exceed 19,714 words. Appellant notes that this is a request comparable to that made recently in the case of *United States v. Bourgeois*, where this Court granted a request for a 19,653 word limitation for a death sentenced prisoner seeking relief under §2255. *Bourgeois*, No. 11-70024, Document No. 00511774360 (5th Cir., March 1, 2012).

Undersigned counsel is authorized to represent that counsel for the Government does not oppose this request.

DATED this 8th day of July, 2013.

Respectfully submitted,

*/s/ Robert C. Owen*
Robert C. Owen
Capital Punishment Clinic, School of Law
The University of Texas at Austin
727 East Dean Keeton Street
Austin, TX 78705-3224
Phone: (512) 232-9391 / Fax: (312) 232-9171
Email: robowenlaw@gmail.com
Texas Bar No.: 15371950

*/s/ John Carpenter*
John Carpenter
Assistant Federal Public Defender
1331 Broadway, Suite 400
Tacoma, WA 98402
Phone: (253) 593-6710 / Fax: (253) 593-6714
Email: John_Carpenter@fd.org
WSB: 23301

UNOPPOSED MOTION TO FILE OVER LENGTH
COA APPLICATION        - 3 -
*United States v. Brandon Bernard*; COA NO.: 13-70013

ROBERT C. OWEN
CAPITAL PUNISHMENT CENTER
727 EAST DEAN KEETON ST.
AUSTIN, TX 78705
(512) 232-9391

# CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of July, 2013, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Fifth Circuit by using the appellate CM/ECF system.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

DATED this 8th day of July, 2013.

*s/ Amy Strickling*
Amy Strickling, Paralegal

UNOPPOSED MOTION TO FILE OVER LENGTH
COA APPLICATION                - 4 -
*United States v. Brandon Bernard*; COA NO.: 13-70013

**ROBERT C. OWEN**
**CAPITAL PUNISHMENT CENTER**
**727 EAST DEAN KEETON ST.**
**AUSTIN, TX 78705**
**(512) 232-9391**