# No. 13-70013

## IN THE UNITED STATES COURT OF APPEALS
### FOR THE FIFTH CIRCUIT

_____

### UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

### BRANDON BERNARD,

## CONSOLIDATED WITH 13-70016

### CHRISTOPHER ANDRE VIALVA,

*Defendants-Appellants*

_____

### On Appeal from the United States District Court
### for the Western District of Texas

_____

### APPELLEE'S UNOPPOSED MOTION
### FOR SECOND EXTENSION OF BRIEFING TIME
### OF SEVEN DAYS

Now comes the United States of America, by and through the United States

Attorney for the Western District of Texas, and respectfully moves this Court to

grant it a second extension, of seven days, until November 26, 2013, in which to file

the consolidated brief for the United States. As grounds for this request, the United States would respectfully show the Court as follows:

After a jury trial, both Brandon Bernard ("Bernard") and Christopher Andre Vialva ("Vialva") were found guilty of the offenses alleged in the second superseding indictment: Count One, murder committed during the course of a carjacking; Count Two, conspiracy to commit premeditated murder; Count Three, premeditated murder of Todd A. Bagley on Fort Hood, a place within the special maritime and territorial jurisdiction of the United States; and Count Four, premeditated murder of Stacie L. Bagley on Fort Hood, a place within the special maritime and territorial jurisdiction of the United States. The jury sentenced both Appellants to death: Bernard on Count Four only and Vialva on Counts One, Three and Four. Their convictions and sentences were affirmed on appeal. *United States v. Bernard*, 299 F.3d 467 (5th Cir. 2002), *cert*. denied, 539 U.S. 928 (2003). In September of 2012, the district court denied 28 U.S.C. § 2255 relief.

Bernard's brief in support of a Certificate of Appealability (COA) is 86 pages long. This Court granted him leave to file a brief of 19,706 words.

In his brief, Bernard has raised a multitude of grounds for granting a COA. He contends that the district court erred in not granting an evidentiary hearing as to

22 specified grounds. He makes claims of ineffective assistance of counsel at the guilt phase: in failing to give an opening statement; as to the steps taken in investigation and the reasons for ignoring other steps; as to counsel's lack of consultation with forensic experts, including an arson expert and pathologist; as to counsel's reliance on preparation by Vialva's counsel; as to counsel's strategy in attempting to avert authorization of this case as a death penalty case; as to interviewing witnesses, such as Brown and Lewis; as to the materials made available to them through discovery; as to the "nature and extent of co-defendant Brown's mental illness"; and as to the theories of the defense at the guilt phase.

Another group of Bernard's claims relate to alleged *Brady* violations: as to what the government knew about Brown's "mental illness," his medication, or his treatment; as to what information the government possessed as to Brown's prior criminal conduct, Brown's use of illegal drugs, Brown's expectation of the benefit he would receive from cooperation, and other impeaching information; as to whether government agents, who were present at the proffers of Brown and Lewis, took any notes or made other reports; and if agents did not take notes, the reason behind the agents' conduct.

And, in group of claims contained within 34 pages of briefing, claims of ineffective assistance of counsel at the penalty phase: as to the steps taken to

investigate potential mitigating evidence; as to the selection of the mitigation investigating agency; as to securing additional mental health experts; as to the lack of an opening statement at the penalty phase; as to the lack of evidence to rebut the ramifications of gang membership; as to the failure to present probation and prison records; as to the lack of objection to victim impact evidence; as to preparation of witnesses; as to the lack of presenting sufficient background regarding his broken home and being drawn into crime and drugs; as to the lack of remorse testimony; and as to other matters during the conduct of the penalty phase.

Christopher Vialva's brief in support of a COA is 63 pages long. His brief contains 13,822 words.

In his motion for a COA, Vialva contends that the district court erred in not granting an evidentiary hearing as to 12 specified grounds. Vialva raises a cluster of claims as to an alleged conflict of interest resulting from one of his attorneys having applied for a position as an Assistant United States Attorney: whether there was procedural default and whether there was cause and prejudice for a default on direct appeal; whether there was an actual conflict; whether a conflict of counsel "caused him both to abdicate his role as lead counsel and fail in his duties of adequate preparation and advocacy"; whether the district court's hearing was adequate; and whether Vialva waived the conflict.

Vialva's next group of claims relate to alleged *Brady* violations: as to "unrecorded and untranscribed" interviews of Brown and Lewis; as to prior statements being part of the government's "open file" discovery policy; as to the lack of recording prior statements of Brown and Lewis, where agents did not believe they were telling the truth, as to Brown's prior inconsistent statement of November 5; as to whether Brown's counsel's notes as to this debriefing were complete; as to prior statements of co-defendants minimizing their responsibility; as to Brown's prior criminal conduct; and as to Brown's "mental illness" and use of illegal drugs.

Vialva makes claims of ineffective assistance of counsel at the guilt phase: in failing to obtain funding for certain experts; failing to conduct a proper investigation; failing, for a number of reasons, in preparation for trial; failing to subject to the government's case to adversarial testing; and failing to present a coherent defense.

Vialva also makes claims of ineffective assistance of counsel at the penalty phase: failing to recognize certain principles of mitigation; failing to obtain funding for available mitigation evidence; failing to seek a continuance; misuse of experts; failing to discover and argue in mitigation of Vialva's "treatable bipolar disorder and organic brain impairment"; and failing to advocate for an individualized sentencing proceeding.

Vialva also makes claims of cumulative error and of violations of the Eighth Amendment.

This case was assigned to Assistant U.S. Attorney Mark Stelmach, who initially drafted the section 2255 responses in 2004. Mr. Stelmach filed Appellee's brief in *United States v. Strunk*, 13-50189, on September 4, 2013. He filed Appellee's brief in *United States v. Yassine*, 13-50069, on October 23, 2013 (re-filed on November 9, 2013). The Yassine appeal was massive, responding to Hussein Yassine's brief of 108 pages and over 27,000 words, as well as Hadi Yassine's brief of 62 pages and 13,000 words. Unavoidable delay resulted from Mr. Stelmach's melanoma-excision surgery on October 7, 2013, where, unfortunately, the five-inch facial scar became infected and was resistant to a first round of antibiotics.

In the instant case, Mr. Stelmach is responding to COA claims totaling 149 pages and 33,528 words. The extension of an additional seven days requested herein is required to respond to the myriad claims in a thorough manner. For these reasons, the United States requests the deadline for filing the Appellee's brief in the subject appeal be extended by another seven days. The Government does not seek this extension for purposes of delay, but out of necessity, and in the interest of justice to permit the United States to better serve this Court.

WHEREFORE, the United States respectfully requests that the Court grant it a second extension, of seven days, to November 26, 2013, in which to file its brief in this case.

### CERTIFICATE OF CONFERENCE

Brandon Bernard's counsel, Ms. Susan M. Otto, and Christopher Vialva's counsel, Mr. Robert C. Owen, have advised the office of the undersigned that they do not oppose this second extension request.

Respectfully submitted,

ROBERT PITMAN
UNITED STATES ATTORNEY

By: */s/ Joseph H. Gay, Jr.*
JOSEPH H. GAY, JR.
Assistant United States Attorney

### CERTIFICATE OF SERVICE

I hereby certify that on this the 18th day of November, 2013, I filed this document with the Fifth Circuit Court of Appeals using the CM/ECF filing system, which will cause a copy of the document to be electronically delivered to Ms. Susan M. Otto (Appellant Bernard) and Mr. Robert C. Owen (Appellant Vialva).

*/s/ Joseph H. Gay, Jr.*
Joseph H. Gay, Jr.
Assistant United States Attorney