July 9, 2014

Office of the Clerk
United States Court of Appeals, Fifth Circuit
600 S. Maestri Place
New Orleans, LA 70130-3408

      Re:    *United States v. Brandon Bernard*, No. 13-70013
             For distribution to the judges of the panel in the above-referenced
             death penalty appeal per F.R.A.P. 28(J).

Dear Sir or Madam:

Under *Escamilla v. Stephens*, 749 F.3d 380 (5th Cir. 2014), a COA must issue on
Bernard's claim that trial counsel unreasonably failed to develop available
mitigating evidence ("IAC claim").

*Escamilla* reaffirms that defense counsel must pursue a wide-ranging investigation,
and cannot "strategically" limit the mitigation case without knowing the full
spectrum of evidence available. *Id.* at 388-92. Escamilla's counsel neglected to
obtain essential background documents, "spent only a limited amount of time
interviewing a select handful of [Escamilla's] family members and acquaintances,
and unreasonably relied upon their description of [his] childhood as stable,"
"declined to hire a mitigation specialist," and "failed to ensure that the expert
evaluating [Escamilla] was aware of his family background and social history." *Id.*
F.3d at 392. Counsel offered some evidence of Escamilla's "supportive and stable
upbringing" through testimony from his father, his half-sister, two neighbors, and a
family friend, but failed to discover, *e.g.*, family violence and Escamilla's
substance abuse problems. *Id.* at 383-84, 385.

*Escamilla* also confirms that a "purportedly tactical decision" is not entitled to
deference if it was not "preceded by a reasonable investigation." *Id.* at 392.

*Escamilla* thus illustrates that conducting *some* limited mitigation investigation, or
presenting *some* mitigating evidence, is insufficient to defeat an IAC claim.
Moreover, *Escamilla* reiterates that a deficient investigation can be prejudicial
even when the murder is highly aggravated. 749 F.3d at 383 (Escamilla personally

shot and killed a policeman, boasted about it, and had previously committed another homicide), 393 ("the disturbing facts of the crime alone do not defeat ... prejudice").

Bernard's case bears striking resemblances to *Escamilla*. Almost all the deficiencies alleged against Escamilla's trial counsel apply equally to Bernard's. *See* Bernard's COA Brief at 34-50. And the District Court's opinion that no conceivable mitigation could have persuaded the jury not to condemn Bernard echoes the state court's debatable conclusion in *Escamilla* that the policeman's murder, coupled with the prior murder, was "too powerful to overcome." 749 F.3d at 393

The grant of COA in *Escamilla* compels the conclusion that Bernard is entitled to a COA and an evidentiary hearing on his IAC claim.

Respectfully submitted,

Robert C. Owen

John Carpenter
Counsel for Brandon Bernard