

**U.S. Department of Justice**
*United States Attorney's Office*
*Western District of Texas*

*Mark R. Stelmach*                    816 Congress Avenue, Suite 1000      Phone: (512) 916-5858
*Assistant United States Attorney*    Austin, Texas 78701                  Fax:    (512) 916-5854

July 21, 2014

Lyle W. Cayce, Clerk
United States Court of Appeals for the Fifth Circuit
600 S. Maestri Place
New Orleans. LA  70130

      Re:  Response to 28j Letter in *U. S. v. Bernard* (No. 13-70013)

Dear Mr. Cayce:

      In his Rule 28(j) letter filed on July 10, 2014, counsel for Bernard cites *Escamilla v. Stephens*, 749 F.3d 380 (5th Cir. 2014), where this Court determined that Escamilla was entitled to a COA regarding counsel's failure to present the true nature of a state prisoner's disadvantaged upbringing in the punishment stage of the trial.  This Court found it debatable among jurists of reason as to whether trial counsel's limited mitigation background investigation of the defendant was effective assistance in light of the post-conviction investigation and discoveries of the habeas mitigation expert.

      In the instant case, on the other hand, as the district court found, '[t]he testimony of the witnesses identified by [the habeas mitigation expert] are merely cumulative of the testimony which was offered at trial" (District Court's Order of September 28, 2012, at 52).  Unlike in *Escamilla*, counsel for Bernard did not suffer from a lack of knowledge of key areas of Bernard's background.

                  Respectfully submitted,

                  ROBERT PITMAN
                  United States Attorney

      By:    *s/ Mark R. Stelmach*
                  Mark R. Stelmach
                  Assistant United States Attorney